UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROWN ENTERPRISES, INC.,

    Plaintiff,

v.                                                      Case No. 06-cv-13206

ALAN LAMBERT, CLIFFORD WEST, and CARL
BROOKS f/k/a CARL LOVENDUSKI,

    Defendants.
                                                 /

**OPINION AND ORDER STAYING CASE UNDER *COLORADO RIVER*
ABSTENTION AND CLOSING FOR ADMINISTRATIVE PURPOSES**

On August 14, 2006, Plaintiff moved for an abstention and stay of proceedings under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Defendant filed a timely written response and the court concludes that a hearing is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will stay the above-captioned matter.

**I. Factual and Procedural Background**

This case involves a dispute over use of a roadway to access Plaintiff's truck terminal on Harrison Avenue in Romulus, Michigan.

**A. The Wayne County Circuit Court Case**

On July 1, 2005, Plaintiff filed a civil action in state court against the City of Romulus ("Romulus"), American Diesel Truck Repair, Inc., Rebuen Chacon, and Juan Molina. (State Compl., Pl.'s Ex. 1). Plaintiff alleged 1) trespass, 2) unlawful interference with private road easement, 3) unlawful interference with implied easement, 4) unlawful interference with prescriptive easement, 5) violation of procedural due

process, 6) a "fair and just treatment" violation, 7) violation of substantive due process, 8) an equal protection violation, 9) an unlawful private use taking, and 10) liability under 42 U.S.C. § 1983. (*Id.*) Plaintiff alleged that the defendants were interfering with its years-long use of the private roadway because a nearby homeowner who is related to a local official in charge of traffic control complained about Plaintiff's commercial activities. (*Id.* at 2, ¶¶ 10, 15-16.) Plaintiff claimed that these defendants were responsible for placing concrete blocks in the roadway without notice, blocking only Plaintiff's ingress and egress, and posting a sign barring trucks even though no local ordinance authorized such a sign. (*Id.* at ¶ 16.) Plaintiff sought and obtained a preliminary injunction from the state court enjoining the defendants from interfering with Plaintiff's use of the roadway. (2/17/06 Order Regarding Cross Motions for Preliminary Injunctive Relief at Def.'s Ex. 4.) Plaintiff contends, and it is not disputed, that, after the state court granted a preliminary injunction, the defendants attempted to remove the case to this court but, after a hearing before Judge Marianne O. Battani, this court remanded the case to state court because the defendants waived any right to removal after they sought affirmative relief in state court. (Pl.'s Br. at 1.)

### B.  The U.S. District Court for the Eastern District of Michigan Case

The instant case was filed in state court on June 20, 2006 and removed by Defendants to this court on July 14, 2006. (7/14/06 Notice of Removal.) Defendant Lambert is the mayor of Romulus (Compl. at ¶ 2 at Pl.'s Ex. 2); West is the highest ranking police officer in Romulus who handles traffic matters (*id.* at ¶¶ 4,6); Brooks is the head of the Romulus Department of Public Works (*id.* at ¶ 7). Plaintiff states that a separate suit was necessary to address the individual conduct of Defendants and "given

the long history including a three day evidentiary hearing in the state court, the Plaintiff did not want to create a situation in which the entire case would become removable." (Pl.'s Br. at 3 n.1.)  Plaintiff alleges each Defendant's personal involvement in factual allegations that in essence claimed the same set of accusations regarding interference with Plaintiff's use of the roadway that were stated in the earlier state complaint.  (*Id.* at ¶¶ 11-24.)  The complaint asserts violations of 1) procedural due process, 2) substantive due process, 3) equal protection, 4) the constitutional right to make lawful use of property, and 5) the protection against deliberate indifference to Plaintiff's constitutional rights.  (*Id.* at ¶¶ 25-45.)

## II.  The *Colorado River* Abstention Doctrine

### A.  Generally

In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists.  *Colorado River*, 424 U.S. at 817; *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998).  "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts."  *Romine*, 160 F.3d at 339.

Declining jurisdiction under *Colorado River* rests on considerations of "wise judicial administration" and the general principle against duplicative litigation.  *Colorado River*, 424 U.S. at 817.  These considerations create a narrow exception where courts may decline jurisdiction in deference to parallel state court proceedings.  *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983) (decision to dismiss


2:06-cv-13206-RHC-MKM   Doc # 10   Filed 09/29/06   Pg 4 of 10   Pg ID 131

based on parallel state-court action rests "on careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction"); *Great Earth Companies Inc. v.* Simons, 288 F.3d 878, 886 (6th Cir. 2002) ("a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state court proceeding"); *American Disposal Servs. Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988).

The threshold question in *Colorado River* abstention is whether there exists a proceeding in state court parallel to the federal court proceeding. *Romine*, 160 F.3d at 339; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, but merely substantially similar. *Id.* at 340; *see also Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 806 (6th Cir. 2004).[1] "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Bates*, 122 Fed. Appx. at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

## B. The Proceedings are Parallel

Here, the court finds that the threshold requirement is easily met. The two cases are substantially similar. Both cases turn on whether the interference with Plaintiff's use of the roadway was unlawful. That question depends upon the same set of material facts. That Plaintiff attempts to sue additional parties or advance different legal theories to obtain a remedy does not warrant a contrary conclusion. *See Romine*, 160 F.3d at

---

[1]Unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 593 (6th Cir. 2004).

4

340 ("If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties" or making slight variations of the legal theories invoked to support recovery); *Telesco v. Telesco Fuel & Masons' Materials Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) ("Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit.") (citing *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 631-31 (11th Cir. 1984)).  Similarly, the court is not persuaded that the potential of a defense of qualified immunity for Defendants has a great impact upon the overlapping nature of the two suits.  That defense does not have an appreciable effect on the factual questions and areas of discovery that the first case does not already raise.

### C.  Other *Colorado River* Factors

The Sixth Circuit Court of Appeals has summarized the various factors to consider in the *Colorado River* analysis as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist.  Rather, they require "a careful balancing of the important factors as they apply in a give[n] case" depending on the particular facts at hand.

*Romine,* 160 F.3d at 340-41 (citations omitted).

Balancing these factors weighs strongly in favor of abstaining.  Though Plaintiff contends that the case involves property rights, the gravamen of the case does not

5

revolve around a "thing"[2] or an item of property but rather around allegations of unlawful conduct.  The first factor contemplates assertion of jurisdiction over, say, a ship or a house, and not, broadly speaking, over a dispute that happens to touch upon property rights.  The court does not accept Plaintiff's broad reading of "res."  Second, because the parties have already been engaged in litigation in Wayne County at a courthouse within one mile of the federal courthouse, the federal forum is equally convenient to the parties.

On the other hand, many other factors weigh greatly in favor of respecting federal-state comity and declining jurisdiction in favor of judicial economy.  The Supreme Court has noted that "the consideration that was paramount in *Colorado River* itself [was] the danger of piecemeal litigation."  *Moses H. Cone*, 460 U.S. at 19.  "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington North R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)).

Plaintiff's decision to bring a separate suit against Defendants in their individual capacities gives rise to a significant risk of piecemeal litigation.  Both of Plaintiff's cases hinge on the fundamental question of whether it was unlawfully deprived of access to the roadway along its facility.  The state court must resolve that issue.  This court would also have to resolve that same issue, which raises the specter of piecemeal resolution of Plaintiff's claims.  Importantly, Plaintiff claims that it is not interested in duplicative

---

[2] Black's Law Dictionary (Sixth Ed. 1990), refers to "res" as "[t]hings" and lists the many divisions and classifications res has in law.  *Id.* at 1304.

6

recoveries and that resolution of the state case may render this case moot or otherwise obviate the need to litigate this case to its conclusion in federal court. (Pl.'s Br. at 8.)

The order or sequence in which jurisdiction was obtained also strongly favors abstaining. The record shows that Plaintiff elected to pursue its claims in state court. The first claim was filed about a year before this case was filed and then removed. Only after an adverse ruling with regard to a preliminary injunction did the defendants in the first action seek a federal forum. Defendants in this case filed for removal without seeking the procedural option of consolidation with the earlier state court action, which may still be a possibility if allowed under Michigan law.

Next, while this case involves issues of substantive federal law, those issues are in large part predicated upon issues of state law. Defendants are local officials charged with acting under color of and violating local and state laws and it is those violations that would arguably give defendant a number of remedies under federal law. If Defendants prove that they ran afoul of no local or state law, then in all likelihood nothing would remain of Plaintiff's federal claims.

In addition, Defendant cannot seriously challenge the adequacy of the state court as a forum to protect Plaintiff's rights, for Plaintiff itself demonstrated that adequacy by filing both causes of action in state court. Furthermore, because Plaintiff's rights are predicated upon the application of local and state law, the state court has unquestioned familiarity with the relevant law and the competence to apply it fairly and faithfully.

Next, the relative progress of the proceedings counsels in favor of abstaining. Much like in *Colorado River*, the federal suit has not moved beyond an initial pleading

stage. Meanwhile, the state case was filed earlier, the parties have conducted relevant discovery,[3] and the state case has already progressed for fifteen months.

Finally, state and federal courts have concurrent jurisdiction over Plaintiff's claims. *See e.g. Dep't of Treasury v. Campbell*, 411 N.W.2d 722, 723 (1986). The court is well aware of the long history of state courts deciding federal statutory claims under 42 U.S.C. § 1983.

The *Bates* court examined whether a court should dismiss or stay a case after finding that *Colorado River* abstention is appropriate. It found a stay to be the preferred course of action for lower courts, explaining:

> Although we have never explicitly prohibited district courts from dismissing cases when abstaining under *Colorado River,* issuing a stay of proceedings has been the general practice. *See Romine,* 160 F.3d at 338 (affirming a district court stay of a case on the basis of *Colorado River* abstention); *Holmes Financial Associates, Inc. v. Resolution Trust Corp.,* 33 F.3d 561, 562 (6th Cir. 1994) (same). In similar circumstances, other circuits have generally required district courts to issue a stay rather than dismiss without prejudice.
>
> Because *Colorado River* abstention is temporary, federal courts will often eventually hear a case they have abstained from deciding. *Colorado River* abstention is temporary because all the reasons for it dissipate once the state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court. Because, under *Colorado River* abstention, the parties in the state and federal proceedings need not be identical, the federal suit will normally not be barred by *res judicata* and federal litigation may resume if the state courts do not moot the issue on state law grounds.
>
> We conclude that a stay is the best way to effectuate *Colorado River* abstention. Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of

---

[3] The order granting the injunction referenced deposition testimony of multiple persons, including Brooks, a defendant in the instant case. (Pl.'s Ex. 4 at 1.)

> limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Id.* at 808-809 (citations and footnotes omitted). Accordingly, this stay is being entered under *Colorado River* abstention in deference to the parallel state court proceedings. Upon the conclusion of the proceedings in state court, the court will lift the stay and adjudicate any claims remaining that are not barred by *res judicata* or a similar doctrine. The objective circumstances of the later-filed federal action in this case and a balancing of the *Colorado River* factors strongly favor abstaining.

### III. Conclusion

IT IS ORDERED that the above-captioned matter is STAYED pending resolution of the parallel state court proceedings.

IT IS FURTHER ORDERED that for administrative purposes this case is CLOSED. Upon the completion of the state court action, Plaintiff may file a notice so stating and the court will reinstitute the case on its active docket and the stay will be lifted.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2006

9

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2006, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522