UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROWN ENTERPRISES, INC.,

    Plaintiff,

v.                                               Case No. 06-cv-13206

ALAN LAMBERT, CLIFFORD WEST, and CARL
BROOKS f/k/a CARL LOVENDUSKI,

    Defendants.
                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION FOR CLARIFICATION . . ."**

On September 29, 2006, the court granted Plaintiff's motion for an abstention and stay of proceedings under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), concluding that parallel state proceedings should conclude before this court, if necessary, should reach the merits of the federal case. Plaintiff filed the instant "Motion for Clarification . . ." on March 23, 2007. Defendant filed a timely written response and the court concludes that a hearing is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny the motion and continue the stay of the case.

This case involves a dispute over use of a roadway to access Plaintiff's truck terminal on Harrison Avenue in Romulus, Michigan. Plaintiff informs the court that the state court denied its March 6, 2007 motion "to consolidate this case with the similar case still pending in the Wayne County Circuit Court." (Pl.'s Mot. at ¶¶ 2-3.) Plaintiff suggests that the state court may misapprehend the effect of this court's order and Plaintiff thus asks that this court either (1) clarify its order to satisfy the state court that

the stay was not intended to preclude state court jurisdiction over the individual defendants, (2) dismiss the federal case without prejudice so that the same claims may be filed in state court, or (3) lift the stay in the federal case and initiate a scheduling conference. (Pl.'s Mot. at 2.) Defendants object, arguing, in part, that (1) no part of this court's order is ambiguous, (2) Plaintiffs already chose earlier in state court not to include claims against the individual defendants in their state complaint and (3) the motion is in essence a veiled attempted to seek remand. (Def.'s Br. at 6-8.)

As an initial matter, the record provides the court with an insufficient basis for deciding the motion. The parties' contentions about the meaning and effect of the state court's denial of the motion to consolidate cannot be resolved absent a reproduction of the state court's reasoning.

Further, to the extent that the state action remains pending, which the parties seem to agree is the situation, the court has difficulty imaging how Plaintiff may have any basis to lift a stay predicated upon "*resolution* of the parallel state court proceedings," as is required under the court's previous order. (9/29/06 Order at 9 (emphasis added).) Indeed, the court's order explicitly states, "[u]pon completion of the state court action, Plaintiff may file a notice so stating and the court will reinstitute the [federal] case on its active docket and the stay will be lifted." (*Id.*) The court is therefore not satisfied that the terms of the court's September 26, 2006 order have been met, or that Plaintiff has adequately articulated a factual basis for the alternative relief request. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Clarification . . . " [Dkt # 11] is DENIED WITHOUT PREJUDICE.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 12, 2007, by electronic and/or ordinary mail.

      S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522